UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAI NGUYEN,<br><br>    Petitioner,<br><br>v.<br><br>ACEVEDO,<br><br>    Respondent. | Case No. 2:23-cv-01086-DAD-JDP (HC)<br><br>SCREENING ORDER<br><br>ECF No. 1 |

Petitioner, a state prisoner proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. After reviewing the petition, I find that it fails to state a cognizable habeas claim. I will give him leave to amend. I will also grant his petition to proceed *in forma pauperis*. ECF No. 2.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

Petitioner raises two claims. First, he argues that the state courts violated his due process rights by rejecting his petition for resentencing under California Senate Bill 1437, which makes changes to California Penal Code § 1170.95. ECF No. 1 at 7. This claim, based entirely on state

1  law, cannot justify federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[F]ederal
2  habeas corpus relief does not lie for errors of state law.") (quoting *Lewis v. Jeffers*, 497 U.S. 764,
3  780 (1990)). Recasting this as a due process claim and arguing, without evidence, that the state
4  courts' rejection of his petition was "biased" or "vindictive" does not convert this claim to a
5  federal one. *See Langford v. Day*, 110 F.3d 1380, 1381 (9th Cir. 1996).

6  Second, he argues that his counsel was ineffective during his petition for resentencing
7  because he failed to raise arguments about the applicability of second-degree murder jury
8  instructions. ECF No. 1 at 7. However, the right to counsel does not extend to collateral
9  proceedings like a petition for resentencing. *See Pennsylvania v. Finley*, 481 U.S. 551, 555
10 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right,
11 and no further."). Petitioner also appears to argue that his trial and appellate counsel were
12 ineffective in failing to challenge the second-degree murder instructions and failing to object to a
13 gun enhancement. ECF No. 1 at 12. The petition fails, however, to offer any background or
14 argument as to why such challenges or objections were warranted or legally viable.

15 Petitioner may file an amended petition that explains why he should still be allowed to
16 proceed.

17 It is ORDERED that:

18 1. Petitioner's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

19 2. The Clerk of Court is directed to send petitioner a federal § 2254 habeas form.

20 3. Within thirty days of this order's entry, petitioner may file an amended habeas
21 petition. If he does not, I will recommend this action be dismissed.

IT IS SO ORDERED.

Dated:  July 29, 2023                          _____
                                               JEREMY D. PETERSON
                                               UNITED STATES MAGISTRATE JUDGE

2