UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAI NGUYEN,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>ACEVEDO,<br><br>　　　　Respondent. | Case No.  2:23-cv-01086-DAD-JDP (HC)<br><br>ORDER |

    Petitioner, a state prisoner proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254.  After reviewing his initial petition, I found that it failed to state a cognizable habeas claim, and granted him leave to amend.  ECF No. 6.  He has now filed an amended petition that, like its predecessor, cannot proceed past screening.  ECF No. 7.  Petitioner did not use the federal habeas form, however, and, as a consequence, it is difficult to tell if any new claims are being raised in the amended petition that might, with elaboration, be cognizable.  Specifically, I cannot tell if all petitioner's arguments are related to the denial of his resentencing petition, or if some are now attacking the underlying conviction.  Out of an abundance of caution, I will grant petitioner one final opportunity to amend.  He is advised to use the federal habeas form that will be sent to him with this order.

    The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.  Under Rule 4, the judge assigned to the habeas proceeding must examine

1

the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

As before, petitioner argues that the state courts violated his due process rights by rejecting his petition for resentencing under California Senate Bill 1437, which makes changes to California Penal Code § 1170.95. ECF No. 7 at 1-2. Such a denial, based entirely on state law, cannot justify federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law.") (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Petitioner's attempt to recast the denial as a violation of his due process rights by alleging that the state courts were "biased" or "vindictive" does not convert this claim into a federal one. *See Langford v. Day*, 110 F.3d 1380, 1381 (9th Cir. 1996).

Petitioner also reiterates his argument that his counsel was ineffective during his petition for resentencing. As I advised him before, however, the right to counsel does not extend to collateral proceedings such as a petition for resentencing. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."). Petitioner appears to believe otherwise, ECF No. 7 at 5, but courts have consistently reached the opposite conclusion. *See Hunt v. Cicnero*, No. 2:22-cv-02472-JAK-KES, 2022 U.S. Dist. LEXIS 167117, *17 (C.D. Cal. Jul. 20, 2022) ("Resentencing proceedings under California Penal Code section 1170.95 are the type of postconviction proceedings in which there is no federal constitutional right to counsel."); *King v. Bird*, No. 3:22-cv-00031-TWR-MDD; 2023 U.S. Dist. LEXIS 6322, *10 (S.D. Cal. Jan. 12, 2023) ("And petitioners typically do not possess a federal constitutional right to counsel during state post-conviction resentencing proceedings.").

Interspersed with these claims are allegations that appear to implicate the propriety of jury instructions at trial. ECF No. 7 at 3. I cannot tell whether petitioner means to raise a separate claim, or if he is merely offering support for his claims attacking the denial of resentencing. Petitioner did not use the federal habeas form and, as such, his claims are difficult to separate.

Out of an abundance of caution, petitioner may file one final amended petition listing all of his claims and specifying which, if any, are attacking his original conviction.

It is ORDERED that:

1. The Clerk of Court is directed to send petitioner a federal § 2254 habeas form.

2. Within thirty days of this order's entry, petitioner may file an amended habeas petition. If he does not, I will recommend this action be dismissed.

IT IS SO ORDERED.

Dated:    October 19, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3