UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAI NGUYEN,<br><br>             Petitioner,<br><br>      v.<br><br>ACEVEDO,<br><br>             Respondent. | Case No.   2:23-cv-01086-DAD-JDP (HC)<br><br>FINDINGS AND RECOMMENDATIONS THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A VIABLE FEDERAL HABEAS CLAIM<br><br>ECF No. 9 |

Petitioner, a state prisoner proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. This is the third petition that I have reviewed in this action; I found that the first two failed to state cognizable claims. ECF Nos. 6 & 8. Petitioner has now filed an amended petition that, like its predecessors, fails to state a cognizable claim. ECF No. 9. I now recommend that this action be dismissed.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

Petitioner argues that the state courts violated his due process rights by rejecting his petition for resentencing under California Senate Bill 1437, which makes changes to California

1

Penal Code § 1170.95. ECF No. 9 at 7. As I have noted previously, that denial cannot justify federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law.") (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Petitioner's attempts to recast the denial as a violation of his due process rights by alleging that the state courts were "biased" or "vindictive" cannot save his claim. *See Langford v.* Day, 110 F.3d 1380, 1381 (9th Cir. 1996).[1]

Similarly, petitioner's claims concerning the effectiveness of his counsel during resentencing, to the extent he is raising any (it is difficult to tell), are non-cognizable. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."). Courts have routinely concluded as much. *See, e.g.*, *Hunt v. Cicnero*, No. 2:22-cv-02472-JAK-KES, 2022 U.S. Dist. LEXIS 167117, *17 (C.D. Cal. Jul. 20, 2022) ("Resentencing proceedings under California Penal Code section 1170.95 are the type of postconviction proceedings in which there is no federal constitutional right to counsel."); *King v. Bird*, No. 3:22-cv-00031-TWR-MDD; 2023 U.S. Dist. LEXIS 6322, *10 (S.D. Cal. Jan. 12, 2023) ("And petitioners typically do not possess a federal constitutional right to counsel during state post-conviction resentencing proceedings.").

Finally, petitioner's claims concerning his initial conviction appear to be untimely. He notes that the underlying conviction occurred more than twenty years ago, in 2000. ECF No. 9 at 1. Given that AEDPA contains a one-year of statute of limitations, there does not appear to exist a scenario in which claims attacking the initial conviction can be timely. There is, for example, no basis on which to conclude that the denial under section 1170.95 restarted the statute of

---

[1] Petitioner cites the Ninth Circuit's decision in *Brown v. Atchley*, 76 F.4th 862 (9th Cir. 2023) for the proposition that his state law claims do give rise to a viable federal claim. But this decision concerned whether a given federal habeas petition was successive, not whether claims that sound purely in state law, as petitioner's do, warrant federal habeas relief. *Id.* at 873. Following the Ninth Circuit's decision in *Atchley*, district courts have continued to hold that claims challenging state courts' denials of resentencing under section 1170.95 do not give rise to federal habeas relief. *See Green v. Lovello*, No. 2:23-cv-07599-FMO-KES, 2023 U.S. Dist. LEXIS 182075, *7-8 (C.D. Cal. Oct. 10, 2023) ("Federal courts have routinely held that challenges to denials of section 1170.95 resentencing petitions pertain solely to the state court's interpretation and application of state sentencing law and therefore are not cognizable on federal habeas review.") (internal quotation marks omitted).

1   limitations for the original, underlying conviction. *Davis v. Sullivan*, 2018 U.S. App. LEXIS
2   19388, *1 (9th Cir. July 13, 2018) ("Applicant's reliance on *Clayton v. Biter*, 868 F.3d 840 (9th
3   Cir. 2017), is misplaced, as he is not challenging an order resolving a resentencing petition but
4   instead is seeking to challenge his original judgment of conviction.").

5   　　　　Accordingly, it is RECOMMENDED that petitioner's second amended petition, ECF No.
6   9, be DISMISSED without leave to amend for failure to state a cognizable habeas claim.

7   　　　　These findings and recommendations are submitted to the United States District Judge
8   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
9   after being served with these findings and recommendations, any party may file written
10  objections with the court and serve a copy on all parties.  Such a document should be captioned
11  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
12  objections shall be served and filed within fourteen days after service of the objections.  The
13  parties are advised that failure to file objections within the specified time may waive the right to
14  appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez
15  v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   December 6, 2023

　　　　　　　　　　　　　　　　　　　　JEREMY D. PETERSON
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

3