UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAI NGUYEN,<br><br>             Petitioner,<br><br>    v.<br><br>ACEVEDO,<br><br>             Respondent. | No. 2:23-cv-01086-DAD-JDP<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING MOTION TO APPOINT COUNSEL<br><br>(Doc. Nos. 9, 10, 14) |

      Petitioner Dai Nguyen is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On December 7, 2023, the assigned magistrate judge issued findings and recommendations, recommending that the pending second amended petition for federal habeas relief be dismissed without leave to amend for failure to state a cognizable claim for federal habeas relief (Doc. No. 10 at 3), largely on the same grounds upon which the magistrate judge previously dismissed petitioner's original and first amended petitions (*see* Doc. Nos. 6, 8). Specifically, the magistrate judge first concluded that because petitioner is seeking relief under

/////

1

California Senate Bill 1437,[1] an issue involving only the interpretation of state law, petitioner has not stated a cognizable federal habeas claim (Doc. No. 10 at 1–2) (citing *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)), and that "petitioner's attempts to recast the denial as a violation of his due process rights by alleging that the state courts were 'biased' or 'vindictive' cannot save his claim" (*id.*) (citing *Langford v. Day*, 110 F.3d 1380 (9th Cir. 1996)).  Second, the magistrate judge concluded that petitioner's claims concerning the effectiveness of his counsel during the resentencing proceedings did not present a cognizable federal habeas claim, either, because there is no federal constitutional right to counsel in state postconviction resentencing proceedings conducted under California Penal Code § 1170.95.  (*Id.* at 2.)  Third, the magistrate judge concluded that petitioner's claims concerning his underlying conviction, which occurred in 2000, were untimely in light of the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act.  (*Id.* at 2.)  The magistrate judge further noted that "[t]here is, for example, no basis on which to conclude that the denial under section 1170.95 restarted the statute of limitations for the original, underlying conviction."  (*Id.* at 2–3.)

These findings and recommendations were served on all parties and contained notice that any objections thereto were to be filed within fourteen (14) days of service, and that any response to objections were to be filed within fourteen (14) days after service of the objections.  (*Id.* at 3.)  Petitioner timely filed his objections on December 18, 2023.  (Doc. No. 11.)

In his objections, petitioner largely repeats arguments and cites to case law that he presented in his second amended petition and that the assigned magistrate judge already considered and properly rejected.  First, petitioner argues that the magistrate judge "did not make a finding on petitioner['s] claim [that] the sentence, or denial of resentencing[,] is arbitrary or

---

[1] On September 30, 2018, then-California governor Brown signed Senate Bill No. 1437, which amended California Penal Code §§ 188 and 189 and created Penal Code § 1170.95.  The legislation limited accomplice liability in California for felony murder and murder under the natural and probable consequences theory, and provided a petition procedure through which qualifying defendants could seek to vacate their murder convictions and obtain resentencing.  The amendments went into effect on January 1, 2019.  *See* Cal. Const., art. IV, § 8(c).  "Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6.  The court continues to refer to this statute as section 1170.95 to be consistent with the petition."  *Green v. Lovello*, No. 2:23-cv-07599-FMO-KES, 2023 WL 6613013, at *1 n.1 (C.D. Cal. Oct. 10, 2023).

1    capricious" and thereby violated petitioner's due process rights under the Fourteenth Amendment.
2    (*Id.* at 1–4) (citing *Richmond v. Lewis*, 506 U.S. 40 (1992)); *see also Richmond*, 506 U.S. at 50
3    ("[T]he question to be decided by a federal court on petition for habeas corpus is not whether the
4    state sentencer committed state-law error . . . . Rather, the federal, constitutional question is
5    whether such reliance is 'so arbitrary or capricious as to constitute an independent due process or
6    Eighth Amendment violation.'").  Petitioner further argues that "[t]he state courts clearly
7    show[ed] bias and vindictiveness" during his resentencing proceedings.  (*Id.* at 3.)  Petitioner's
8    objections in this regard provide no basis upon which to decline to adopt the pending findings and
9    recommendations, in which the magistrate judge concluded, as discussed above, that "petitioner's
10   attempts to recast the denial [of his resentencing petition] as a violation of his due process rights
11   by alleging that the state courts were 'biased' or 'vindictive' cannot save his claim."  (Doc.
12   No. 10 at 1–2); *see also Green*, 2023 WL 6613013, at *7–8 ("That Petitioner has invoked his
13   federal constitutional right to due process does not transform his state law claims into cognizable
14   federal claims").

15          Second, petitioner argues that the magistrate judge, in recommending that petitioner's
16   ineffective assistance of counsel claim be dismissed due to petitioner's lack of a federal
17   constitutional right to counsel, failed to consider that "courts have ruled that denial of petition
18   [under] section 1170.95 is [a] new judgment," such that petitioner did have a federal
19   constitutional right to counsel in those proceedings.  (Doc. No. 11 at 4) (citing *Magwood v.*
20   *Patterson*, 561 U.S. 320 (2010); *Gideon v. Wainwright*, 372 U.S. 335 (1963); *Douglas v.*
21   *California*, 372 U.S. 353 (1963)).  However, the Supreme Court's decision in *Magwood*, cited by
22   petitioner, addressed whether a habeas petition was successive, *see Magwood*, 561 U.S. 320, and
23   does not support petitioner's argument in this regard.  As the magistrate judge noted in the
24   pending findings and recommendations, district courts in this circuit have routinely found that
25   there is no federal constitutional right to counsel in resentencing proceedings under § 1170.95.
26   (*See* Doc. No. 10 at 2); *see, e.g.*, *Hunt v. Cicnero*, No. 2:22-cv-02472-JAK-KES, 2022 WL
27   17224722, at *7 (C.D. Cal. July 20, 2022) ("Resentencing proceedings under California Penal
28   Code section 1170.95 are the type of postconviction proceedings in which there is no federal

1    constitutional right to counsel."), *report and recommendation adopted*, 2022 WL 17225020 (C.D.
2    Cal. Sept. 14, 2022).  Petitioner's objections therefore provide no basis upon which to decline to
3    adopt the findings and recommendation that petitioner's ineffective assistance of counsel claim be
4    dismissed.

5    Third, petitioner argues that, contrary to the conclusions of the pending findings and
6    recommendations, he is not seeking to challenge his initial conviction and that "the issue of
7    restarting [the] statute of limitations for [his] initial conviction is not being address[ed] in this
8    petition." (Doc. No. 11 at 5.)  Instead, petitioner argues in his objections that the "statute under
9    which petitioner was denied resentencing is unconstitutionally vague in warning what criminal
10   conduct is prohibited."[2]  (*Id.*)  The court notes that in his second amended petition, petitioner
11   argued that "the statute under which petitioner was *originally convicted* has now become vague in
12   warning what criminal conduct is prohibited."  (Doc. No. 9 at 15 (emphasis added); *see also id.* at
13   5).  In any event, in neither his second amended petition nor his objections does petitioner point to
14   any specific language he claims to be vague in either the statute under which he was convicted or
15   the statute under which he was denied resentencing.  (*See* Doc. Nos. 9 at 15–16; 11 at 5–7.)  The
16   only specific phrase that petitioner claims is unconstitutionally vague is the phrase "even if death
17   was not intended," as used in a model California jury instruction.  (*See* Doc. No. 9 at 16.)
18   Petitioner then does not mention this phrase in his objections, instead quoting the California
19   model instruction but not explaining how or if the challenged language is also unconstitutionally
20   vague.  (*See* Doc. No. 11 at 5–7.)  Nor does petitioner explain how the phrase "even if death was
21   not intended" is unconstitutionally vague.  The court declines to find that phrase, or any of the
22   relevant, applicable statutes, to be unconstitutionally vague.  Accordingly, petitioner's objections
23   provide no basis upon which to decline to adopt the pending findings and recommendations.

24   In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a
25   *de novo* review of this case.  Having carefully reviewed the entire file, including petitioner's
26   /////
27
28   [2]  Petitioner's exact argument is unclear in this regard.

4

objections, the court concludes that the findings and recommendations are supported by the record and proper analysis.

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. The court should issue a certificate of appealability if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be dismissed debatable or wrong, or that petitioner should be allowed to proceed further. Therefore, the court declines to issue a certificate of appealability. *See Banks v. Sherman*, No. 1:20-cv-01225-DAD-EPG, 2021 WL 1754383, at *1–2 (E.D. Cal. May 4, 2021) (declining to issue a certificate of appealability where the petitioner's claims were dismissed because denial of relief under § 1170.95 did not present a cognizable federal habeas claim).

Additionally, on September 16, 2024, petitioner filed a motion for appointment of counsel. (Doc. No. 14.) In that motion, petitioner seeks counsel "in the event that the court grants traverse and [an] evidentiary hearing" or to assist petitioner in the event that petitioner must undertake discovery. (*Id.* at 1.) Because the court will dismiss the pending second amended petition and decline to issue a certificate of appealability, petitioner's motion for appointment of counsel will be denied as moot in light of this order.

Accordingly,

1. The findings and recommendations issued on December 7, 2023 (Doc. No. 10) are adopted in full;

2. The second amended petition for writ of habeas corpus (Doc. No. 9) is dismissed;

3. The court declines to issue a certificate of appealability;

4. Petitioner's motion to appoint counsel (Doc. No. 14) is denied as moot in light of this order; and

5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **October 23, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE