UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAI NGUYEN,<br><br>    Petitioner,<br><br>    v.<br><br>ARIAS,<br><br>    Respondent. | Case No.  2:23-cv-1086-DAD-JDP (P)<br><br>FINDINGS AND RECOMMENDATIONS |

      On December 7, 2023, I recommended that petitioner's second amended petition be dismissed without leave to amend. ECF No. 10. I made this recommendation because petitioner's primary claim, that the state courts erred in rejecting his petition for resentencing under state law, was not a cognizable federal habeas claim. *Id.* at 1-2. I also found that petitioner's allegations relating to the effectiveness of his counsel during those resentencing proceedings did not state a federal claim. *Id.* at 2. Finally, I determined that the denial of petitioner's request for resentencing under California Senate Bill 1437 did not reset the statute of limitations and allow him to bring claims related to his original conviction, which was finalized in 2000. *Id.* at 2-3. Those recommendations were adopted by the district judge over petitioner's objections. ECF Nos. 11 & 15. Now petitioner has moved to amend or alter the judgment, ECF No. 17, and that motion has been referred to me, ECF No. 18. I recommend that it be denied.

1

1     There are four basic grounds upon which a Rule 59(e) motion may be granted: "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). However, "amending a judgment after its entry [is] an extraordinary remedy which should be used sparingly." *Id.* (citation and internal quotation marks omitted).

Further, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 2810.1 (2d ed.1995)). "Mere disagreement with a previous ruling is not a sufficient basis for reconsideration." *McAllister v. Adecco Grp. N.A.*, 2018 WL 6682984, at *2 (D. Haw. Dec. 19, 2018). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (citing *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003)).

Petitioner argues that his motion should be granted because it is necessary to correct error, because there has been an intervening change in law, and to correct manifest injustice. ECF No. 17 at 1. First, he argues that his state law resentencing proceedings were "a mechanism for reopening [the] final judgment for retroactive relief . . . ." *Id.* at 2. To the extent he is arguing that these proceedings under California Penal Code section 1170.95 reset the Anti-Terrorism and Death Penalty Act's statute of limitations for a federal habeas challenge to his underlying conviction, he is incorrect. Here, petitioner does not allege that he was granted any resentencing relief by the state courts. Thus, there is no basis on which to conclude that the judgment was reopened. *See Cole v. Sullivan*, 480 F. Supp. 3d 1089, 1097 (C.D. Cal. Jul. 7, 2020) ("The Court finds persuasive respondent's reasoning that the denial of resentencing relief should not open the door for a petitioner to bring a new challenge to an old conviction that already has been challenged . . . ."); *see also Davis v. Sullivan*, 2018 U.S. App. LEXIS 19388, *1 (9th Cir. July 13,

2018) ("Applicant's reliance on *Clayton v. Biter*, 868 F.3d 840 (9th Cir. 2017), is misplaced, as he is not challenging an order resolving a resentencing petition but instead is seeking to challenge his original judgment of conviction."). And the alternative conclusion, that the denial of a petition for resentencing would allow new, unrelated challenges to a two-decade old conviction,[1] makes little sense.[2]

      Petitioner also continues to argue that he was entitled to counsel during his resentencing proceedings, and that his counsel was ineffective. ECF No. 17 at 3. He is, as I stated before, mistaken. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions . . . ."); *see also Hunt v. Cicnero*, No. 2:22-cv-02472-JAK-KES, 2022 U.S. Dist. LEXIS 167117, *17, 2022 WL 17224722 (C.D. Cal. July 20, 2022) ("Resentencing proceedings under California Penal Code section 1170.95 are the type of postconviction proceedings in which there is no federal constitutional right to counsel.").

      The remainder of the motion is devoted to arguing that the state court's denial of resentencing does present a federal question insofar as it violated petitioner's due process rights. ECF No. 17 at 4-9. Again, resentencing under 1170.95 is purely a question of California law to which federal habeas review does not attach. *See Maldonado v. Martinez*, No. CV 23-188-DDP (AGR), 2024 U.S. Dist. LEXIS 19756, *10, 2024 WL 418192 (Cal. C.D. Feb. 5, 2024) ("Whether Petitioner is eligible for resentencing under § 1170.95, and the procedures involved, are issues of state law not cognizable on federal habeas review."). Petitioner's attempts to cloak those state law issues in the language of a federal due process is unavailing. *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). To be sure, petitioner argues that the state courts were so arbitrary

---

[1] The second amended petition indicates that the underlying conviction was finalized in November 2000. ECF No. 9 at 1.

[2] Petitioner cites the Supreme Court's decision in *Jimenez v. Quarterman*, 555 U.S. 113 (2009) as supporting his position, though he does not apply its holding to the case at bar. Regardless, *Jimenez* held only that "where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A)." *Id.* at 121. Here, petitioner is challenging resentencing proceedings that occurred well after direct review was concluded, and *Jimenez* has no applicability.

and capricious in their decision making that his claim is the rare instance in which an error of state law arises to an independent due process violation. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). His motion fails to sufficiently make that case, however. Instead, he argues that the state courts erred and used "distorted" factfinding and failed to review pertinent issues. ECF No. 17 at 3-5. But errors of state law are not denials of due process. *Rivera v. Illinois*, 556 U.S. 148, 158 (2009).

In short, there is no clear error, newly discovered evidence, manifest injustice, or intervening change in law that would support altering the district court's judgment. Petitioner's motion is a rehash of his original arguments, which were already rejected.

Therefore, it is hereby RECOMMENDED that petitioner's motion to alter or amend judgment, ECF No. 17, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   November 20, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4