UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAI NGUYEN,<br><br>            Petitioner,<br><br>     v.<br><br>ARIAS,<br><br>            Respondent. | No. 2:23-cv-01086-DAD-JDP (HC)<br><br>ORDER DENYING PETITIONER'S MOTION TO ALTER OR AMEND THE JUDGMENT<br><br>(Doc. Nos. 17, 19, 21, 23, 26) |

Petitioner Dai Nguyen is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 24, 2024, the court dismissed and closed this action due to petitioner's failure to state a cognizable claim for federal habeas relief. (Doc. No. 15.) In particular, the court explained that petitioner's attempts to recast the denial of his resentencing petition as a violation of his due process rights did not state a cognizable claim for federal habeas relief, that there is no federal constitutional right to counsel in resentencing proceedings, and that petitioner had not explained how the jury instruction language he objected to was unconstitutionally vague. (*Id*. at 3–4.) That same day, judgment was entered. (Doc. No. 16.)

On November 5, 2024, petitioner filed the pending motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). (Doc. No. 17.) This motion was referred to

1

the assigned magistrate judge, who issued findings and recommendations on November 20, 2024. (Doc. Nos. 18, 19.) On November 26, 2024, petitioner filed timely objections to the magistrate judge's pending findings and recommendations. (Doc. No. 20.)

Rule 59(e) "motions to reconsider are not vehicles permitting the unsuccessful party to 'rehash' arguments previously presented." *United States v. Navarro*, 972 F. Supp. 1296, 1299 (E.D. Cal. 1997), *rev'd on other grounds*, 160 F.3d 1254 (9th Cir. 1998), (rejecting "after thoughts" and "shifting of ground" as appropriate grounds for reconsideration under Rule 59(e)); *see also Goodlow v. Camacho*, No. 3:18-cv-0709-CAB-MDD, 2020 WL 6799381, at *1 (S.D. Cal. Nov. 19, 2020) (noting that parties may not use Rule 59(e) to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment") (citation omitted); *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (the moving party must show "more than a disagreement with the Court's decision, and [that] recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden"); *Costello v. U.S. Gov't*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991) ("[C]ourts avoid considering Rule 59(e) motions where the grounds for amendment are restricted to either repetitive contentions of matters which were before the court on its prior consideration or contentions which might have been raised prior to the challenged judgment.").

"A Rule 59(e) motion may be granted if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001)). A Rule 59(e) motion seeks "a substantive change of mind by the court," *Tripati v. Henman*, 845 F.2d 205, 206 n.1 (9th Cir. 1988), and "is an extraordinary remedy which should be used sparingly." *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999).

Here, as the magistrate judge explained in the pending findings and recommendations, petitioner's motion to alter or amend the judgment is merely "a rehash of his original arguments,

which were already rejected," and "there is no clear error, newly discovered evidence, manifest injustice, or intervening change in law that would support altering" the judgment. (Doc. No. 19 at 4.) The magistrate judge explained again that petitioner's argument that he was entitled to counsel during his resentencing is incorrect, that petitioner's attempts to cloak state law issues of resentencing "in the language of [] federal due process is unavailing," and that petitioner "does not allege that he was granted any resentencing relief by the state courts," meaning there is "no basis on which to conclude that the judgment was reopened." (*Id*. at 2–3.)

The court has reviewed petitioner's objections and finds that they do not provide a basis upon which to reject the pending findings and recommendations. Petitioner again argues that "the statute under which [he] was convicted" is "unconstitutional[ly] vague" without further elaboration or explanation and again argues that the state court's "distorted factfinding . . . violated due process." (Doc. No. 20 at 3, 5.) Petitioner also argues that "when a state court chooses to reopen a final judgment, a case is sent back to state courts," (*Id*. at 2) but the assigned magistrate judge has already explained that petitioner has not alleged any basis upon which to conclude that his underlying judgment of conviction was reopened by the state court, (Doc. No. 19 at 2).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including petitioner's objections, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations issued on November 20, 2024 (Doc. No. 19) are ADOPTED in full;
2. Petitioner's motion to alter or amend the judgment (Doc. No. 17) is DENIED;
3. Petitioner's motion for leave to file an appeal (Doc. No. 21) is DENIED as moot in light of petitioner's subsequently filed notice of appeal (Doc. No. 22);
4. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 23) is DENIED as moot in light of the court's prior order (Doc. No. 6);

5. Petitioner's motion for the issuance of a certificate of appealability (Doc. No. 26) is DENIED for the reasons explained in the court's prior order (Doc. No. 15); and

6. This case shall remain closed.

IT IS SO ORDERED.

Dated: **April 8, 2025**

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

4